■ In the Matter of GEORGE J. TUCCI, Doing Business as 2C REALTY, Petitioner, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner, a licensed real estate broker, seeks to review a determination of respondents finding that he had demonstrated untrustworthiness and, *inter alia,* fining him $200 and suspending his license until he withdraws a lawsuit for commissions against his former clients, William and Diane Evans. The complaint against petitioner arose from his activities and those of his associate, Hugh Colletta, in connection with their efforts as brokers to effect a sale of the Evans' house. The record establishes that petitioner and Colletta, acting as agents for the Evans, who were not represented by a lawyer, prepared a purchase contract including a clause drafted by Colletta, stating that if the sellers refused "to take back a first mortgage this contract will be null and void and of no further effect and the deposit made therein will be returned to the purchaser"; and that both petitioner and Colletta were aware at the time the clause was drafted that the Evans, themselves, could not take back a mortgage but hoped that Mrs. Evans' uncle might agree to do so. There is evidence that Colletta advised the Evans that the inaccuracy in the clause as drawn was of no consequence because if the uncle declined to take back the mortgage, "there could be no liability insofar as [the Evans] were concerned." The purchasers accepted this contract. Thereafter the uncle refused to take back the mortgage. Despite the language in the contract making it "null and void" in the event the sellers refused to take back a mortgage, petitioner and Colletta drafted

a revised offer in the form of a new clause inserted on the back of the contract and signed by the Evans, stating: "Due to the seller's *[sic]* refusal to perform on the original contract dated 1-16-75, the seller's *[sic]* request that the purchasers agree to the terms of this new contract dated 2-8-75 and that further the purchasers agree to release the seller's *[sic]* from the original contract dated 1-16-75, the basis or consideration for the formulation of the new contract is the price reduction from $34,500. to $34,000." Implicit in this revised offer was the admission of the sellers that, notwithstanding the wording of the clause in the original contract and the assurances of Mr. Colletta to the contrary, they were bound by the original contract and guilty of a breach thereof for not accepting the mortgage. When the purchasers refused to accept this second offer, petitioner brought suit against the Evans for a commission based on the Evans' failure to proceed with the original contract. The hearing officer concluded that petitioner had acted contrary to section 484 of the Judiciary Law by drafting legal documents, thereby engaging in the unauthorized practice of law, and had thus demonstrated untrustworthiness within the meaning of section 441-c of the Real Property Law. Respondent, Secretary of State, concurred in the hearing officer's findings and conclusions. We hold that the findings and conclusions of the hearing officer are supported by substantial evidence (see *Matter of Mistler v Tofany,* 39 AD2d 710, affd 30 NY2d 870). Further, the penalty imposed by respondents was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364; see *Kostika v Cuomo,* 41 NY2d 673, and *Duncan & Hill Realty v Department of State of State of N. Y.,* 62 AD2d 690.) (Art 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Hancock, Jr., and Witmer, JJ.