■ FELIX CONTRACTING CORP., Respondent, v OAKRIDGE LAND AND PROPERTY CORP., Appellant, et al., Defendants. — In an action (1) to foreclose a mechanic's lien in the amount of $405,782.15 or for judgment in that amount and (2) to recover damages for unjust enrichment, defendant Oakridge Land and Property Corp. (Oakridge) appeals from a judgment of the Su-

preme Court, Westchester County (Walsh, J.), entered September 15, 1983, which, *inter alia,* awarded plaintiff Felix Contracting Corp. (Felix) $283,412.31 against defendant Oakridge and dismissed with prejudice defendant Oakridge's counterclaims.

Judgment affirmed, without costs or disbursements.

We find that defendant Oakridge was in breach of its contract with Felix for excavation and site development of property owned by Oakridge. By hindering and interfering with plaintiff's operation, Oakridge materially breached the contract, and Felix was justified in stopping work on the project (see *Farrell Heating, Plumbing, Air Conditioning Contrs. v Facilities Dev. & Improvement Corp.,* 68 AD2d 958; *Savin Bros. v State of New York,* 62 AD2d 511, 516, affd 47 NY2d 934). After work commenced, Oakridge issued approximately 70 revised drawings. Although these resulted in numerous construction changes, Oakridge refused to acknowledge that Felix was entitled to additional compensation. Further, Felix experienced delays due to Oakridge's failure to obtain required building permits. Additional damages were incurred due to Oakridge's misrepresentation to Felix that the project would be a "balanced job", whereby material excavated from a lake on the site would be suitable for use as roadway subbase material. Also, Oakridge generally failed to coordinate work on the project. Thus, Felix is entitled to compensation for work performed pursuant to the contract as well as work performed outside the scope of the contract. Because Oakridge breached the contract, it is not entitled to recover from Felix damages incurred in completing the job. Even if Oakridge were entitled to such recovery from Felix, its counterclaim for cost of completion damages was properly dismissed, as Oakridge failed to prove it incurred such damages. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.