■ In the Matter of Cass Mulford, Doing Business as Mulford Real Estate, Inc., Petitioner, v Gail S. Shaffer, as Secretary of State of the State of New York, Respondent.— Levine, J.

The instant matter was initially brought before respondent, the Secretary of State, under Real Property Law § 441-c as a result of a complaint made against petitioner by the co-owner of about 20 acres of land in the Town of Lenox, Madison County, which petitioner undertook to sell as a cobroker. The complainant had signed an exclusive listing of the property at $14,000 with another broker containing a provision for a 7% commission. Petitioner presented, and had the complainant accept and sign, a purchase offer which was expressly contingent upon the buyer's ability to construct multifamily housing on the property to be financed by the Farmers' Home Administration. The purchase offer required a $100 deposit and provided for a 10% commission to petitioner on the sale. After a delay of more than six months, petitioner presented a second purchase offer from the same prospective buyer, which the complainant also signed. That instrument contained the same contingency clause. However, it reduced the deposit to $1 and also provided for the payment of $350 by the buyer to defray the seller's expenses for keeping the property off the market for six months, and for a further six-month extension of his right to purchase upon payment of an additional $350. The complainant testified at the hearing that, at petitioner's request, she gave him $100 of the initial $350 she received from the buyer when the second purchase offer was accepted. Further delays ensued, during which the complainant retained an attorney. Ultimately, after legal disputes between the complainant and the buyer over the binding effect of the second purchase offer which she alone signed, the sale was consummated at a reduced price.

The substance of the complaint made against petitioner was that he unilaterally and without expressly informing the complainant increased the commission rate in the first purchase offer, reduced the amount of the deposit payable under the second offer and had extracted a fee of $100 from her at the time of the second offer for his "paper work" and other office expenses. Petitioner was subsequently served with a

notice of hearing and a complaint affidavit by a licensed investigator on respondent's staff.

After an evidentiary hearing, the Hearing Officer determined that petitioner had engaged in conduct demonstrating his "untrustworthiness and incompetence" to act as a real estate broker (see, Real Property Law § 441-c) by engaging in the unlawful practice of law in violation of Judiciary Law § 484. The Hearing Officer also considered whether petitioner had violated any agency or fiduciary relationship in the course of his dealings with the complainant, but rejected these alternative charges. The recommended sanction was a three-month suspension of petitioner's broker's license or, in lieu thereof, the return of the $100 fee to the complainant and the payment of a fine of $500. The Hearing Officer's findings and recommendations were adopted by respondent. This CPLR article 78 proceeding followed.

Petitioner raises two grounds for annulment. The first is that the complaint affidavit did not expressly charge him with engaging in the unlawful practice of law and, hence, was inadequate notice of the offense for which he was punished. We disagree. The formal charge was of untrustworthiness and incompetency to act as a broker, one of several grounds for the imposition of licensure sanctions set forth in the statute (Real Property Law § 441-c). This ground has been upheld against objections of vagueness (Matter of Gold v Lomenzo, 29 NY2d 468, 476-478) and has also been held to encompass violations of Judiciary Law § 484 (Matter of Tucci v Department of State, 63 AD2d 835; Matter of Duncan & Hill Realty v Department of State, 62 AD2d 690, appeal dismissed 45 NY2d 821). The facts set forth in the complaint affidavit describe the substance of the dealings between petitioner and the complainant and specifically allege that he had demanded and received from the complainant a fee of $100 for preparing the legal instruments involved in the transactions. Thus, petitioner was adequately informed of the factual basis of the charges against him.

Petitioner alternatively argues that the evidence was insufficient to support a finding that he engaged in the unlawful practice of law. The record indicates that the contingency clause of the first purchase offer was inserted because of the need to effect a zoning change for the buyer's intended development of the property. The clause drafted by petitioner, however, broadly excused the buyer's performance if "for any reason" he was unable to construct and obtain financing for multifamily housing. Thus, despite its brevity, the clause was

of considerable legal significance in the degree to which it permitted the buyer to be relieved of his obligations under the contract. Despite the import of that clause, the first purchase offer bears no notice or suggestion that its terms be reviewed by an attorney (see, *Matter of Duncan & Hill Realty v Department of State, supra,* p 701). There was also evidence in the record to support the finding that petitioner had advised the complainant of the legal effect of certain provisions of the second purchase offer, and that the $100 fee was at least in part for the preparation of the operative legal instruments. Judiciary Law § 484 expressly prohibits the request or receipt of compensation for the preparation of instruments affecting real estate by someone not duly admitted to the practice of law. Thus, the foregoing evidence, taken as a whole, amply supports respondent's determination.

Finally, we do not find that imposition of the alternative sanctions of a period of license suspension or restitution and a fine of $500 to be unduly severe.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.