■ ARNOLD S. GREENSPAN, Doing Business as PLUMWOOD CONSTRUCTION COMPANY, Respondent, v ROBERT B. AMSTERDAM, Appellant.—In an action to foreclose a mechanic's lien, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Owen, J.), entered April 24, 1987, as dismissed his counterclaims.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The record supports the trial court's finding that the defendant owner's actions demonstrated a failure to facilitate the plaintiff builder's performance under the contract *(see, Savin Bros. v State of New York,* 62 AD2d 511, *affd* 47 NY2d 934). Further, the record supports the court's conclusion that the defendant's locking out of the plaintiff from the work site constituted a material breach of the contract, justifying the plaintiff's stoppage of work on the project *(see,* 22 NY Jur 2d, Contracts, §§ 365, 377; *see also, Felix Contr. Corp. v Oakridge Land & Prop. Corp.,* 106 AD2d 488, *lv denied* 66 NY2d 606). The plaintiff's election not to waive this breach is evidenced by his filing of a mechanic's lien only days after the breach *(see,* 22 NY Jur 2d, Contracts, § 393, at 304; *cf., General Supply & Constr. Co. v Goelet,* 241 NY 28, 35). Moreover, because of his conduct, the defendant may not recover damages incurred in completing the job *(see, e.g., Felix Contr. Corp. v Oakridge Land & Prop. Corp., supra; see generally,* 22 NY Jur 2d, Contracts, § 379).

Finally, we find no basis to disturb the court's finding that the plaintiff did not willfully exaggerate the lien *(see, Soundwall Constr. Corp. v Moncarol Constr. Corp.,* 56 Misc 2d 892, 897-898). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.