OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiffs’ predecessors in interest sold a property containing two apartment buildings to defendant general partnership and took back a mortgage. Subsequently, the general partnership had difficulty in making its mortgage payments to plaintiffs. For consenting to the refinancing of the mortgage, plaintiffs were made limited partners with a 20% interest in the partnership’s profits. Under the partnership agreement, plaintiff limited partners’ interest was to terminate on January 31, 1985. At the center of this dispute is paragraph 4 of the partnership agreement, which provided that "should the partnership prior to January 31, 1985, dispose of [the property] by sale or otherwise * * * then this partnership shall terminate
 
 *765
 
 upon any partner hereto giving written notice to that effect to the other partners.” The agreement was silent with respect to the period within which the written notice was to be served.
 

 In November 1982, the general partnership created a corporation and transferred its sole asset, the apartment complex, to the corporation and converted the property to cooperative apartments. At the closing, defendant general partners paid in full the original mortgage held by plaintiffs. Then or shortly thereafter, the corporation sold approximately 20% of the cooperative shares to individual apartment owners.
 

 Plaintiff limited partners, however, did not give notice to terminate the partnership at that time. Indeed, on March 3, 1983, they accepted $45,073.32 as the full amount the general partners owed them as of that date, representing their 20% share of the partnership profits, including their share of the proceeds from the sale of the cooperative apartments. For the next 18 months, the limited partners accepted, without objection, monthly payments of their 20% share of the partnership profits. Finally, on September 6, 1984 (about 22 months after the alleged "disposition”), they sent the general partners a purported notice of termination of the limited partnership. Even then, they continued to accept monthly payments from the general partners until January 31, 1985 when the limited partnership terminated pursuant to its terms.
 

 When a contract does not specify time of performance, the law implies a reasonable time
 
 (Webster’s Red Seal Publs. v Gilberton World-Wide Publs.,
 
 67 AD2d 339, 343,
 
 affd
 
 53 NY2d 643). What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case
 
 (Ben Zev v Merman,
 
 73 NY2d 781, 783). In the present case the Appellate Division concluded that in light of all the circumstances, plaintiffs’ 22-month delay before seeking termination of the partnership was unreasonable. We agree with that determination, and accordingly, even if plaintiffs are correct that the cooperative conversion triggered the right to terminate under paragraph 4 of the partnership agreement, they would be entitled to no relief because of their unreasonable delay in exercising that right.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur; Judge Levine taking no part.
 

 Order affirmed, with costs, in a memorandum.