■ THOMAS E. SPRATT et al., Respondents, v DENNIS L. CHIULLI et al., Appellants, et al., Defendant. [622 NYS2d 568] —In an action to recover damages for breach of contract, the defendants Dennis L. Chiulli and Jeffrey I. Klein appeal from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated March 5, 1993, which granted the plaintiffs' motion for summary judgment and denied their cross motion for summary judgment, (2) an order of the same court, dated July 27, 1993, which, after a trial on the issue of damages, awarded the plaintiffs the principal sum of $15,000, plus $6,250 in attorney's fees, and (3) a judgment of the same court, dated August 19, 1993, which is in favor of the plaintiffs and against the defendants in the principal sum of $15,000, plus $6,250 in attorney's fees.

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by deleting the second decretal paragraph thereof; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that so much of the order dated July 27, 1993, as awarded attorney's fees to the plaintiffs is vacated, and the branch of the plaintiff's motion for summary judgment which was for an award of attorney's fees is denied, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Dennis L. and Sheila Chiulli (hereinafter the Chiullis) entered into a real estate contract to sell their Putnam property to Thomas E. and Catherine O. Spratt (hereinafter the Spratts). This property, presently identified on the tax map as parcel no. 72-5-2, was previously two separate parcels, identified on the tax map as no. 70-1-15.3 and no. 72-5-2. The contract provided that the "SELLER will comply with all notes or notices of violations of law or municipal ordinances * * * The PREMISES shall be transferred free of [any violations] at CLOSING and this provision shall survive CLOSING". As part of the title search, the building inspector indicated that there was a violation of record pertaining to that portion of the property, which was previously identified on the tax map as parcel no. 70-1-15.3. The Spratts demanded that the Chiullis cure the violation pursuant to the contract. The Chiullis contended that no violation existed, and in any event, the alleged violation was inapplicable to the property, asserting that the parcel previously known as 70-1-15.3 no longer existed after its merger into parcel no. 72-5-2. The Supreme Court found that the Chiullis breached the contract which required that they "comply with all * * * notices of violations of law", and that since compliance would have merely involved the filing of a *nunc pro tunc* application for subdivision, they acted in bad faith. On that basis, the Supreme Court also awarded the Spratts attorney's fees.

On appeal, the appellants claim that the court erroneously found a breach of the contract and improperly awarded attorney's fees.

The evidence adduced clearly reveals that the Chiullis breached their obligation under the contract. Once the building inspector notified them of a violation, the contract specifically required that they "comply with * * * notices of violations". The Chiullis took no steps to either secure a permit or variance for the illegal subdivision, nor did they bring a proceeding to challenge the inspector's notice of violation. Rather, the Chiullis simply asserted that no violation existed. Even if their position was correct, they had a contractual obligation to take steps to comply with the notice of violation. Since no action was taken, the Supreme Court properly found that the Chiullis violated the contract.

The Supreme Court also awarded attorney's fees to the Spratts, indicating in its decision that "where a seller/defendant acts in bad faith and fails to cure a matter which can be cured, attorneys fees are recoverable". This position is clearly in conflict with the decision of the Court of Appeals in *Hooper*

*Assocs. v AGS Computers* (74 NY2d 487, 491-492) in which the Court held that "[u]nder the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" reflecting a departure from "the well-understood rule that parties are responsible for their own attorney's fees". Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.