■ TELECOMMUNICATIONS TECHNOLOGY CORPORATION, Respondent, v DEUTSCHE BANK AG. et al., Appellants. [652 NYS2d 291] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 24, 1996, which, insofar as appealed from, denied defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's cause of action for breach of contract, unanimously affirmed, without costs.

Accepting plaintiff's allegations as true, the IAS Court correctly held that the subject writing, under which defendants promised to give plaintiff, a computer consulting service, "exclusive notification on all [of their] consulting requirements" and "to maintain" plaintiff's "presence" with defendants "by guaranteeing that no less than 50% of all consultants at [defendants] will be [plaintiff's] consultants", is not so vague as to be unenforceable. The parties' course of dealing and other commercial or trade usage may provide a method for calculating the missing price term (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483, *cert denied* 498 US 816), and the law may imply a reasonable time for performance depending on the facts and circumstances of the particular case (*Savasta v 470 Newport Assocs.*, 82 NY2d 763). Defendants' argument that the agreement was terminable at will is without merit since plaintiff was not their employee (*see, Rule v Brine, Inc.*, 85 F3d 1002, 1013), and their argument that the agreement is void under the Statute of Frauds is improperly raised for the first time on appeal. Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.