■ FAITH SCHWARTZ, Appellant-Respondent, v ARON ROSENBERG et al., Respondents-Appellants. [889 NYS2d 90]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated March 13, 2009, as denied that branch of her motion which was for summary judgment on her second cause of action to recover an attorney's fee, and the defendants cross-appeal from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment on her first cause of action and directed the plaintiff's counsel to release to the plaintiff the balance of the subject escrow deposit in the sum of $25,000.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"When a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *see Parker v Booker*, 33 AD3d 602, 603 [2006]; *Manzi Homes, Inc. v Mooney*, 29 AD3d 748, 749 [2006]; *Teramo & Co. v O'Brien-Sheipe Funeral Home*, 283 AD2d 635, 636 [2001]). What constitutes a reasonable time for performance depends upon the circumstances of the particular case (*see Savasta v 470 Newport Assoc.*, 82 NY2d at 765; *Parker v Booker*, 33 AD3d at 603; *Teramo & Co. v O'Brien-Sheipe Funeral Home*, 283 AD2d at 636). Contrary to the defendants' contentions on their cross appeal, under the circumstances of this case, the Supreme Court correctly determined that they failed to comply with their obligations under the postclosing agreement dated June 27, 2006, within a reasonable time (*see Savasta v 470 Newport Assoc.*, 82 NY2d at 765; *Parker v Booker*, 33 AD3d at 603). In response to the plaintiff establishing her prima facie entitlement to judgment as a matter of law, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on her first cause of action.

"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Spratt v Chiulli*, 212 AD2d 589, 590-591 [1995]). Here, the contract of sale pursuant to which the plaintiff sold the subject premises to the defendants

contained a provision allowing for an award of an attorney's fee to the prevailing party in an action between the parties "in enforcing the terms of this agreement." Further, the contract of sale expressly provided that the paragraph providing for an award of attorney's fees "shall survive the closing." However, contrary to the plaintiff's contention, it is clear that she seeks to enforce her rights and obtain a remedy pursuant to the postclosing agreement dated June 27, 2006, not the contract of sale. The postclosing agreement contains no provision for an award of an attorney's fee, and therefore such an award is not warranted (*see Hooper Assoc. v AGS Computers*, 74 NY2d at 491; *Matter of Meehan v Nassau Community Coll.*, 242 AD2d 155, 160 [1998]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on her second cause of action.

The defendants' remaining contention is not properly before this Court. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.