■ Vincens Gjonaj, Respondent, v Beverly Sines, Appellant. [896 NYS2d 176]—

Garry, J.

In November 2007, the parties entered into a written contract for the purchase and sale of defendant's real property located in the Town of Bainbridge, Chenango County. The agreement was set forth in a two-page standardized form supplied by the realtor. The contract set a closing date in February 2008. Upon defendant's failure to follow up in any manner or respond to subsequent correspondence, plaintiff's counsel advised defendant in March 2008 that, if he was not promptly contacted, he would assume she was refusing to sell and would commence an action seeking specific performance of the contract. Following commencement of the action, defendant asserted, as affirmative defenses, failure to state a cause of action, the statute of frauds, and a claim that the contract was void because it was not drafted by an attorney and did not contain an attorney approval clause. In November 2008, plaintiff moved for summary judgment. Defendant claimed in opposition, among other things, that the value of the property was misrepresented to her by the realtor and it would be inequitable to enforce the contract terms against her. This claim was supported by the affidavit of a real estate broker who opined that the value of the property was somewhat more than double the stated contract price. Supreme Court granted plaintiff's motion, directed specific performance of the contract within 30 days, and awarded motion costs. Defendant appeals.

We affirm. As Supreme Court held, the contract states all the essential terms and complies with the requirements of the statute of frauds (see General Obligations Law § 5-703; *Garnot v LaDue*, 45 AD3d 1080, 1082 [2007]). Real estate brokers are permitted to provide limited assistance to their clients with contract forms, and there is no evidence in this record that the broker exceeded this customary role and engaged in the unauthorized practice of law (see *Matter of Duncan & Hill Realty v Department of State of State of N.Y.*, 62 AD2d 690, 696-697 [1978], *lvs denied* 45 NY2d 709, 821 [1978]). Appropriate warning of the form contract's legal effect was provided by language in capital letters appearing immediately below the realtor's address at the top of the first page, indicating that the form is a "CONTRACT TO PURCHASE," that it is "A CONTRACT FOR THE PURCHASE AND SALE OF REAL ESTATE . . . [THAT] BECOMES A BINDING CONTRACT UPON ACCEPTANCE,"

and finally, that "WE RECOMMEND CONSULTING AN AT-TORNEY BEFORE SIGNING" (*see Matter of Duncan & Hill Realty v Department of State of State of N.Y.*, 62 AD2d at 698-699; *compare Matter of Mulford v Shaffer*, 124 AD2d 876, 878 [1986]).[1]

Defendant belatedly raised the claim of fraud, and it was therefore within Supreme Court's discretion to decline to address this issue (*see Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y.*, 61 AD3d 1248, 1252 [2009], *lv denied* 13 NY3d 701 [2009]). In any event, to succeed upon this claim, defendant was required to demonstrate a material misrepresentation of fact upon which she relied to her detriment (*see Dube-Forman v D'Agostino*, 61 AD3d 1255, 1257 [2009]; *Pidwell v Duvall*, 28 AD3d 829, 831-832 [2006]). Defendant did not assert any such misrepresentation by plaintiff but, rather, by the broker, who was not a party to the action. No evidence in the record supports a claim that the broker was an agent of plaintiff, rather than defendant. Thus, any remedy or claim that defendant may assert against the broker does not bar plaintiff's right to enforce the contract.

As defendant argues, plaintiff's right to obtain specific performance requires a showing that he is ready, able, and willing to perform his own obligations under the contract. We have recognized, however, that the requirement of tender of performance may be waived or obviated by acts of the other party amounting to an anticipatory breach (*see Lower v Village of Watkins Glen*, 17 AD3d 829, 831 [2005]; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021 [1991], *lv dismissed* 79 NY2d 1040 [1992]). In light of defendant's utter failure to comply with any portion of her contractual obligations or to communicate in any manner with plaintiff or respond to his correspondence prior to commencement of the action, we find that tender was waived in this instance.[2]

Defendant further challenges Supreme Court's requirement that she vacate the premises within 30 days. Determining what constitutes a reasonable time for performance requires factual analysis of the specific circumstances of the parties' relations,

---

**1.** The form included, as a potential contingency, an attorney's approval clause, in accord with the routine practice in this region (*see Moran v Erk*, 11 NY3d 452, 455 [2008]), but the parties did not avail themselves of this option.

**2.** It further appears from the contract terms that plaintiff intends to pay for the property without the need for any financing. His counsel affirmed at oral argument that plaintiff stands fully ready, willing and able to meet the contractual terms.

specifically including consideration of any potential prejudice or hardship accruing to either party (*see Ben Zev v Merman*, 73 NY2d 781, 783 [1988]). Considering that the contract was executed in November 2007, plaintiff clearly demanded performance by his correspondence in March 2008, and defendant failed to communicate with plaintiff for a prolonged period of time, it was not unreasonable for the court to demand prompt compliance at the time of its amended order in April 2009.

Finally, the award of motion costs is appropriate in accord with CPLR 8202, in the amount of $100. Contrary to defendant's contention, there is no indication that Supreme Court intended to impose costs for a frivolous proceeding pursuant to 22 NYCRR 130-1.1.

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the amended order is affirmed, with costs.