■ Nancy K. Tedeschi et al., Respondents, v Northland Builders, LLC, Appellant. [904 NYS2d 786]—

Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered November 9, 2009 in Saratoga County, which, among other things, granted plaintiffs' motion for summary judgment.

In October 2002, defendant purchased approximately 35 acres of land located in the Town of Stillwater, Saratoga County from plaintiffs for $1.4 million. Defendant intended to subdivide the property and develop the site into a luxury, single-family housing development. Defendant paid plaintiffs $100,000, and executed a promissory note secured by a mortgage on the property for the remainder of the purchase price. The note provided that the first $100,000 of the remaining balance was due on the earlier of October 17, 2003 or defendant's "receipt of final governmental approvals permitting [it] to develop a residential subdivision on the real property." This payment was made as required. Subsequent payments were due upon receipt of governmental approvals and the receipt of building permits for each subdivided lot. In addition, defendant promised to make payments "for at least five . . . lot releases during each [12] month period which commences on the date that all utilities and infrastructure are completed, installed and approved by the Town[,]" and agreed to pay the remaining balance on the note within "[s]ix years from the date of final subdivision approval."

Subsequent to the closing on the property, North Manor Development—a nonparty in which defendant initially held a

50% equity interest that it has since transferred along with title to the subject property—was established for the purpose of developing the property. In August 2005, North Manor and Craig Farnsworth, defendant's managing member, submitted an application for a planned development district at the site. Plaintiffs concede that defendant initially pursued the application, along with an associated State Environmental Quality Review Act assessment, public hearing, traffic study, proposed plats, proposed development district legislation and a series of exchanges with the Town. Thereafter, the application process came to a halt and, in October 2007, the Town Supervisor determined that North Manor had abandoned the application and indicated that the Town would not consider any development at the site unless a new application was submitted.

After notifying defendant that they considered it to be in default on the note and mortgage based upon its failure to pursue construction approval, plaintiffs commenced this foreclosure action in September 2008. Following joinder of issue, plaintiffs moved and defendant cross-moved for summary judgment. Defendant contended that it bargained for and was entitled to open-ended payment terms. Supreme Court rejected defendant's argument, granted plaintiffs' motion and denied defendant's cross motion, prompting this appeal.

We affirm. It is well settled that "[w]hen a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *accord Schwartz v Rosenberg*, 67 AD3d 770, 771 [2009]; *see Miller v Moore*, 68 AD3d 1325, 1327 [2009]). While the question of what constitutes a reasonable time turns on the particular circumstances of the case and, thus, is ordinarily a question for a jury (*see Savasta v 470 Newport Assoc.*, 82 NY2d at 765; *Miller v Moore*, 68 AD3d at 1327), defendant failed to raise a triable issue of fact in response to plaintiffs' prima facie showing that defendant defaulted by abandoning its application for development of the site. Indeed, despite plaintiffs' submission of an affidavit from the Town's attorney indicating that defendant had not "done anything [since October 2006] regarding its proposed [development] except complain about the conditions imposed" by the Town, defendant provided no evidence of serious efforts to pursue approval after October 2006. Under these circumstances, Supreme Court properly concluded that a reasonable time for performance expired, as a matter of law, by the time that the Town determined the application to have been deemed abandoned in October 2007 (*see Schwartz v Rosenberg*, 67 AD3d at 771; *Austin v Trybus*, 136 AD2d 940, 941 [1988]; *see also Gjonaj v Sines*, 69 AD3d 1188, 1190-1191 [2010]).

Cardona, P.J., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.