In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds “warranted by the facts,” bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bed-ford, 60 NY2d 492, 499 [1983]). Here, the Supreme Court’s determination that the plaintiff breached his contract with the defendant by not allowing the defendant to complete the renovations of his apartment was warranted by the facts (see Felix Contr. Corp. v Oakridge Land & Prop. Corp., 106 AD2d 488 [1984]; Austin u Afzal, 24 Misc 3d 128[A], 2009 NY Slip Op 51309[U] [2009]).
However, the Supreme Court erred in calculating that the defendant was entitled to damages on its counterclaim in the principal sum of $23,000. The agreed-upon contract price for the renovation work was the sum of $20,000, and the plaintiff presented documentary proof that he paid the sum of $4,000 to the defendant, leaving an unpaid balance in the sum of $16,000. Under these circumstances, the defendant is entitled to recover the principal sum of $16,000.
The parties’ remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination. Eng, P.J., Skelos, Dillon and Hall, JJ., concur.