City of New York v Shellbank Rest. Corp. (2019 NY Slip Op 01352)





City of New York v Shellbank Rest. Corp.


2019 NY Slip Op 01352


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8504 401168/03

[*1]The City of New York, Plaintiff-Respondent,
v
Shellbank Restaurant Corporation, Defendant-Appellant.


Weisberg & Weisberg, Great Neck (Sidney A. Weisberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 13, 2017, which denied defendant's motion for summary judgment on its counterclaims and dismissing the complaint, and granted plaintiff's cross motion for summary judgment on three of its four claims and dismissing the counterclaims, unanimously affirmed, with costs.
The motion court correctly found that the parties' unambiguous agreement was terminable at will and therefore did not create a property interest protected by the due process clause or the takings clause of the US Constitution (see White Plains Towing Corp. v Patterson, 991 F2d 1049, 1062 [2d Cir 1993], cert denied 510 US 865 [1993]; Brooklyn Historic Ry. Assn. v City of New York, 126 AD3d 837, 840 [2nd Dept 2015]).
The breach of contract counterclaim is barred by defendant's failure to serve a notice of claim (see Administrative Code of City of NY § 7-201). The claim also fails because the agreement was terminable at will, giving plaintiff the unfettered right to terminate it (see Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD2d 156, 157—158 [1st Dept 2003], lv denied 1 NY3d 503 [2003]). In any event, defendant expressly waived damages of any kind arising from the exercise of the right of termination.
The counterclaim for conversion is barred by defendant's failure to comply with General Municipal Law §§ 50-i and 50-e (see Matter of White v City of Mount Vernon, 221 AD2d 345 [2d Dept 1995]). The reference to damages for cancelled events in the parties' stipulation staying the TRO that barred defendant from the premises is insufficiently informative to substitute for a notice of claim (cf. Montana v Incorporated Vil. of Lynbrook, 23 AD2d 585 [2d Dept 1965] [formal or technical requirements of notice of claim waived where defendant is fully cognizant of claim]). Moreover, the property allegedly converted, whether characterized as access to the premises or loss of business opportunities, cannot form the basis for a conversion claim (Sun Gold, Corp. v Stillman, 95 AD3d 668, 669-670 [1st Dept 2012]). The counterclaim also is duplicative of the breach of contract counterclaim, as there were no facts pleaded beyond those that support the contract claim or that would support the existence of a duty separate from the parties' agreement (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003]).
The counterclaim for breach of the covenant of good faith and fair dealing fails because it is predicated on plaintiff's exercise of its unambiguous contractual right to terminate at its discretion (see Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69-70 [1978]).
The actions taken by plaintiff that defendant contends breached the agreement, precluding enforcement, were not breaches; the agreement granted plaintiff the right to take those actions. In any event, these alleged breaches were not material (see Greenspan v Amsterdam, 145 AD2d 535 [2d Dept 1988]).
The fact that it was terminable at will does not make the agreement illusory (see McCall Co. v Wright, 133 App Div 62, 68 [1st Dept 1909], affd 198 NY 143 [1910]). Moreover, it is [*2]clear from the face of the agreement that each side received something of value (see Apfel v Prudential-Bache Sec., 81 NY2d 470, 476 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK