Matter of Shubert Org. Inc. v Tax Commn. of the City of N.Y. (2019 NY Slip Op 01655)





Matter of Shubert Org. Inc. v Tax Commn. of the City of N.Y.


2019 NY Slip Op 01655


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


258951/07 8629 259372/08 262003/09 263143/10 261555/11 8628

[*1]In re The Shubert Organization Inc., Petitioner-Appellant,
v
The Tax Commission of the City of New York, et al., Respondents-Respondent.


Arnold & Porter Kaye Scholer LLP, New York (James M. Catterson of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Neil Schaier of counsel), for respondents.



Order, Supreme Court, New York County (Martin Shulman, J.), entered July 19, 2017, which granted respondents' motions to dismiss the tax certiorari petitions for the tax years 2007/2008 through 2011/2012, and dismissed the proceeding brought pursuant to article 7 of the Real Property Tax Law, and order, same court and Justice, entered December 22, 2017, which granted petitioner's motion for reargument, and upon reargument, adhered to its prior determination on different grounds, unanimously reversed, on the law, without costs, the petitions reinstated and the matter remanded for further proceedings.
The court erred in granting respondents' motion pursuant to RPTL 718(1) to dismiss the subject petitions on the ground that the proceedings had been abandoned as a matter of law due to petitioner's failure to timely file the notes of issue. Pursuant to a January 26, 2016 so-ordered stipulation, the notes of issue pertaining to the subject petitions had to be filed "on or about September 1, 2016." Applying a "reasonableness" analysis to whether petitioner's filing of those notes of issue on December 6, 2016 satisfied the "on or about" provision (see Savasta v 470 Newport Assoc. , 82 NY2d 763, 765 [1993]; Ben Zev v Merman , 73 NY2d 781, 783 [1988]), we find that, under the circumstances, the filing constituted a reasonable time for performance, given the parties' course of conduct, including respondents' multiple stipulated extensions for completing discovery and the appraisal reports, and many interactions with petitioner and the court about the subject petitions after September 1, 2016 without raising the issue of abandonment until the eve of the scheduled trial, after extensive trial preparation had taken place.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK