Victoria's Secret Stores, LLC v New WTC Retail Owner LLC (2021 NY Slip Op 02773)





Victoria's Secret Stores, LLC v New WTC Retail Owner LLC


2021 NY Slip Op 02773


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 656078/19 Appeal No. 13727 Case No. 2020-03711 

[*1]Victoria's Secret Stores, LLC, Plaintiff-Respondent,
v
New WTC Retail Owner LLC, Defendant-Appellant.


Blank Rome LLP, New York (Mara B. Levin of counsel), for appellant.
Crowell & Moring LLP, New York (Allyson M. McKinstry of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 13, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the cause of action for breach of contract, unanimously affirmed, with costs.
On March 31, 2015, the parties entered into a 10-year lease for retail premises that provided that the "Grand Opening Date" was "[e]stimated" to be October 8, 2015 and that defendant "shall endeavor" to give plaintiff an estimated delivery date at least 270 days prior to the expected delivery date of the premises. Plaintiff commenced this action on or about October 17, 2019, alleging that defendant breached the terms of the lease by failing to provide an estimated delivery date, complete construction work delineated in the lease, and deliver the premises.
Contrary to defendant's contentions, giving plaintiff an estimated delivery date was not a condition precedent to delivery but an independent obligation under the terms of the lease. Since the provision did not specify a date by which to satisfy the obligation, defendant was obligated to provide an estimated delivery date within a reasonable time after the lease was executed (see Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]). While the lease contemplated some delays between execution of the lease and delivery of the premises, plaintiff sufficiently alleged that the delays that actually occurred were unreasonable. Indeed, the lease was to run for only 10 years from delivery, and yet defendant was unable to provide an estimated delivery date nearly five years after its execution.
Defendant's argument that the no-damages-for-delay clause in the lease bars rescission of the lease for the delays caused by circumstances outside its control is unavailing. The clause provides that defendant is not liable for any damages incurred as a result of its failure to "make the Premises available within the time and/or in the condition provided" in the lease. It makes no mention of defendant's obligation to provide an estimated delivery date. In any event, intentional acts that caused delays, such as plaintiff alleges, would not fall with the ambit of the exculpatory clause (see e.g. New WTC Retail Owner LLC v Pachanga, Inc., 160 AD3d 584, 585 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021