Small v Faulk (2024 NY Slip Op 51127(U))

[*1]

Small v Faulk

2024 NY Slip Op 51127(U)

Decided on July 22, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2024
Supreme Court, New York County

Bridget G. Small, Plaintiff,

against
Marion Faulk and KEVIN SMALL, Defendant.

Index No. 151295/2021

Falcon Rappaport & Berkman LLP, Rockville Centre, NY (Steven C. Berlowitz and Samantha M. Compono of counsel), for plaintiff.
Law Offices of Marjory Cajoux, Brooklyn, NY (Marjory Cajoux of counsel), for defendants.

Gerald Lebovits, J.

This action arises from a dispute over ownership of a townhouse located at 225 Edgecombe Avenue in Manhattan. Plaintiff, Bridget Small, was married to the late Sean Small. Defendants, Marion Faulk and Kevin Small, are cousin and brother to Sean Small, respectively. Defendants hold title to the townhouse. In 2010, the townhouse was at risk of foreclosure after defendants failed to make mortgage payments. Sean Small helped prevent foreclosure in 2011. He and plaintiff continued making mortgage payments for defendants thereafter.
In July 2012, defendants and Sean Small signed a contract granting Sean Small an option to buy the townhouse for $430,000 less any expenses, including the cost of improvements and mortgage payments. (NYSCEF No. 77.) Sean Small died in 2020. After his death, plaintiff sought to exercise the option to purchase, but defendants refused to sell.
Plaintiff, acting as the administrator of Sean Small's estate, brought this action. Plaintiff asserts causes of action for breach of contract, specific performance, and unjust enrichment. Plaintiff now moves for partial summary judgment on her specific-performance claim. In their [*2]opposition papers, defendants seek dismissal of the action under CPLR 3211 (a) (7). Plaintiff's motion for partial summary judgment is granted. Defendants' request for dismissal is denied.
DISCUSSION
I. Plaintiff's Motion for Partial Summary Judgment
There is no genuine issue of fact that defendants and Sean Small entered into an option contract—"an agreement to hold an offer open" that "confers upon the optionee, for consideration paid, the right to purchase at a later date." (Kaplan v Lippman, 75 NY2d 320, 323 [1990].) Plaintiff has established for purposes of this motion that defendants contractually granted Sean Small an option to purchase the premises at issue in exchange for his assistance in paying the mortgage and preventing foreclosure. (See NYSCEF No. 73 at ¶ 23; NYSCEF No. 85 at 3 ¶¶ 14-15.) Defendants deny that Sean Small's assistance was sought. Defendants further assert that Sean Small and plaintiff moved into the premises and made unauthorized improvements. (NYSCEF No. 91 at ¶¶ 10-13.) But defendants did not provide admissible evidence in support of these assertions—only their counsel's affirmation. That is insufficient to create a factual dispute. (See Zuckerman v City of New York, 49 NY2d 557, 560 [1980].)
The question is thus whether plaintiff has shown as a matter of law that she validly exercised the contractual option to buy the premises and is therefore now entitled to specific performance. The contract does not specify a deadline to exercise the option. Plaintiff was therefore required to exercise the option within a reasonable time. (See Savasta v 470 Newport Assocs., 82 NY2d 763, 765 [1993].) What constitutes a reasonable time for performance is a case-by-case inquiry based on the surrounding facts and circumstances, including the parties' intent at the time of contracting. (See Zev v Merman, 73 NY2d 781, 783 [1988]; Charles Schwab Corp. v Goldman Sachs Group, Inc., 186 AD3d 431, 435 [1st Dept 2020].)
Defendants argue that the delay of eight years before plaintiff exercised the option is unreasonably long. Defendants also claim that plaintiff's exercising the option eight years later would cause hardship to defendants. (NYSCEF No. 91, ¶27-31.) Plaintiff replies that Sean Small and defendants intended to leave the option open until she and Sean Small would have the financial ability to exercise it. Plaintiff delayed exercise of the contract because she and Sean Small had to sell their old house and repair the premises so that it could pass a mortgage inspection. Plaintiff claims that she and Sean Small needed the new mortgage to afford the house. (NYSCEF No. 94 Page 6-8; NYSCEF No. 95, ¶14-17.) This court agrees with plaintiff.
Defendants rely on a 1970 decision of the Appellate Division, Third Department, holding that a delay of over "three years and seven months" is necessarily an unreasonable time before the plaintiff exercises the option contract. (See Eastern Shopping Centers, Inc. v Trenholm Motels, Inc., 33AD2d 930 [3d Dep't 1970].) But that case is different from this one. In Easter Shopping Centers, plaintiff took no action at all for a three-year period and then suddenly sought to exercise the option. In this case, plaintiff and Sean Small made a prolonged and consistent investment into the premises. During the eight-year period, they covered the mortgage payments and made numerous repairs and improvements to the premises. (NYSCEF No. 73 at ¶¶ 34—42.) The extended period before plaintiff exercised the contract was further justified by plaintiff and Sean Small's effort to secure necessary financial means to afford the premise. Plaintiff shows that the parties' intent was to give Sean Small time to have the financial means to exercise the [*3]option. (NYSCEF No. 95, ¶19.) Plaintiff and Sean Small sold their residence in 2015; and were trying thereafter to pass a mortgage inspection by making improvement to the house. (NYSCEF No. 95 at ¶¶ 14-17.) In these circumstances, the court concludes that plaintiff has established as a matter of law that she exercised the contractual option within a reasonable period of time.
The court also concludes that plaintiff has established as a matter of law that the eight-year period of delay has not caused hardship to defendants. One defendant, Marion Faulk, wanted plaintiff to cover the mortgage payments and acquire the premises. (NSYCEF No. 85 at ¶¶ 21-23) The other defendant, Kevin Small, is aware of the option contract. (NYSCEF No. 86 at ¶¶ 17—18.) Both plaintiff and defendants agree that defendants have had no ability to pay the mortgage or maintain the premises in the eight-year period of time. Plaintiff even shows that Kevin Small caused damage to the premises in the period and prevented Sean Small from making repairs to the premises. (NYSCEF No. 95 at ¶ 27.) There was no hardship to defendants; they had always intended for the plaintiff to buy the premises. Furthermore, if the option contract is voided, plaintiff will suffer hardship. Plaintiff and Sean Small have invested hundred of thousands of dollars in the premises. It would be a windfall for defendants if they keep a house and property that plaintiff and Sean Small improved.
Plaintiff's motion for partial summary judgment on her cause of action for specific performance of the option agreement is granted.
II. Defendants' Request for Dismissal of the Action
In opposing plaintiff's summary-judgment motion, defendants argue that the entire action should be dismissed under CPLR 3211 (a) (7) on the ground that no valid contract existed. But defendants did not serve a notice of cross-motion, as required under CPLR 2215. In any event, defendant's argument for dismissal is based only on conclusory statements of counsel that no contract existed between plaintiff or Sean Small on the one hand, and defendants on the other. That is not enough to warrant dismissal of the action.
Accordingly, it is
ORDERED that plaintiff's motion for partial summary judgment is granted; and it is further
ORDERED that defendants' request for dismissal is denied; and it is further
ORDERED that the balance of the claims in this action are severed and shall continue; and it is further
DATE 7/22/2024