Yolanda Mgt. Corp. v MicroAlgo, Inc. (2026 NY Slip Op 00072)

Yolanda Mgt. Corp. v MicroAlgo, Inc.

2026 NY Slip Op 00072

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 650956/24|Appeal No. 5537|Case No. 2025-02809|

[*1]Yolanda Management Corporation, Plaintiff-Respondent,
vMicroAlgo, Inc. Formerly Known as, and as Successor-in- Interest to Venus Acquisition Corporation, Defendant-Appellant, Jie "Jack" Zhao, et al., Defendants.

Morrow NI, LLP, New York (Lawrence Yichu Yuan of counsel), for appellant.
Thompson & Skrabanek, PLLC, New York (Mastewal Taddese Terefe of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 11, 2025, which, to the extent appealed from, denied the motion of defendant MicroAlgo, Inc. to dismiss the breach of contract cause of action (the first cause of action) as against it, unanimously affirmed, with costs.
Plaintiff sufficiently stated a claim for breach of contract by alleging that defendant breached the parties' Registration Rights Agreement (RRA) by failing to file a registration statement with the Securities and Exchange Commission despite plaintiff's written demand that it do so. Contrary to defendant's position, its obligation to file the registration statement is enforceable despite the "best efforts" language of the RRA, as the RRA provided sufficiently objective criteria by which to measure defendant's performance of its obligation (see Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC, 225 AD3d 420, 421 [1st Dept 2024]). Under the terms of the RRA, once defendant received a demand for registration, it was required to use its best efforts to prepare and file a registration statement for plaintiff's shares "as expeditiously as possible," to cause the registration to become effective and to keep it effective until the securities were sold, or to remove the restrictive legend on the shares so that they could be sold on the public market. Further, the requirement to act "expeditiously" is modified by a provision allowing defendant to "defer any Demand Registration for up to thirty (30) days" in any 365-day period. These provisions provide objective standards as to the timing of defendant's obligation to file a registration statement (see Savasta v 470 Newport Assocs., 82 NY2d 763, 765 [1993]; cf. Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 114 [1st Dept 1998] [where a contract makes clear that parties intended to be bound, a finding that a contract fails for indefiniteness is "at best a last resort"]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026