Island Consol. v Grassi & Co., Certified Pub. Accountants PC (2026 NY Slip Op 01308)

Island Consol. v Grassi & Co., Certified Pub. Accountants PC

2026 NY Slip Op 01308

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 451469/23|Appeal No. 6031|Case No. 2025-07454|

[*1]Island Consolidated, et al., Plaintiffs-Respondents,
vGrassi & Co., Certified Public Accountants PC, Defendant-Appellant.

Rivkin Radler LLP, New York (Henry Mascia of counsel), for appellant.
Shook, Hardy & Bacon, LLP, New York (Michael Rayfield of counsel), for respondents.

Order, Supreme Court, New York (Anar R. Patel, J.), entered on or about October 31, 2025, which granted plaintiffs' motion pursuant to CPLR 3211(b) to dismiss the 10th, 12th and 15th affirmative defenses in defendant's answer, unanimously modified, on the law, to deny the motion as to the 12th and 15th affirmative defenses, and otherwise affirmed, without costs.
Contrary to plaintiffs' assertion, our prior decision in this case affirming the denial of defendant's CPLR 3211(a) motion to dismiss the amended complaint, Island Consol. v Grassi & Co., Certified Pub. Accountants PC (239 AD3d 443 [1st Dept 2025]), is not law of the case. That decision applied a different legal standard, that is, whether defendant bore its burden of establishing, even accepting the allegations in the complaint as true, that the complaint was barred as untimely or for failure to satisfy a condition precedent. This Court did not reach those substantive issues, and the doctrine of the law of the case applies only to legal determinations that were necessarily resolved on the merits in the prior decision (see Baldasano v Bank of NY, 199 AD2d 184, 185 [1st Dept 1993]).
Nevertheless, the motion court properly dismissed the statute of limitations defense. While the malpractice claim may have accrued in 2015, when defendant first began to advise plaintiff's regarding sales tax, defendant's subsequent defense of that advice in a New York Department of Taxation and Finance sales tax audit in 2020 tolled the statute under the continuous representation doctrine (see Lemle v Regen, Benz & MacKenzie, C.P.A's, P.C., 165 AD3d 414, 415 [1st Dept 2018]).
However, the 12th affirmative defense ("failure to comply with condition precedents [sic] of Defendant's engagement letters") and 15th affirmative defense ("Plaintiff's alleged damages are limited by the terms of Defendant's engagement letters") should not have been dismissed. These defenses are based on certain terms of engagement letters executed by the parties with respect to services other than those at issue in this action. Although no engagement letter was executed with respect to the services at issue in this action — defendant's advice to plaintiff concerning New York sales tax from 2015 to 2020 — a triable issue exists as to whether the parties' course of dealing with respect to other services gives rise to an inference that the parties intended the provision of the services at issue to be governed by the same terms set forth in their written agreements for other services (see Jemzura v Jemzura, 36 NY2d 496, 503-504 [1975] ["A contract implied in fact may result as an inference from the fact and circumstances of case, although not formally stated in words, and is derived from the presumed intentions of the parties as indicated by their conduct"] [internal quotation marks and citations omitted]; Law Offs. of K.C. Okoli, P.C. v Maduegbuna, 62 AD3d 477, 478 [1st Dept 2009], lv dismissed 13 NY3d 771 [2009] [the terms of an oral contract may be established by the parties' course of dealing]; Telecommunications Tech. Corp. v Deutsche Bank, 235 AD2d 288, 288 [1st Dept 1997] [same]).
In view of the foregoing, it cannot be said, at this juncture, that it will be impossible for defendant to present evidence at trial sufficient to support a reasonable inference that the parties intended the provision of the services at issue to be governed by the condition-precedent and limitation-of-liability terms of the engagement letters. Accordingly, plaintiffs, in moving to dismiss the 12th and 15th affirmative defenses pursuant to CPLR 3211(b), failed to "bear[] the heavy burden of showing that the defense[s] [are] without merit as a matter of law" (Emigrant Bank v Rosabianca, 210 AD3d 527, 527 [1st Dept 2022] [internal quotation marks omitted]). On such a motion, "[t]he allegations in the answer must be viewed in the light most favorable to the defendant, and the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (id. [internal quotation marks and citation omitted]; see also Pugh v New York City Hous. Auth., 159 AD3d 643, 643 [1st Dept 2018]). "Further, the court should not dismiss a defense where there remain questions of fact requiring a trial" (Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 481 [1st Dept 2015]). "The standards applicable to a CPLR 3211(b) motion to dismiss a defense are therefore akin to the rules of decision applicable to motions to dismiss a cause of action under CPLR 3211(a)(1), (5) and (7)" (John R. Higgitt, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:35). Accordingly, we modify to reinstate the 12th and 15th affirmative defenses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026