■ KEY BANK OF NEW YORK, Respondent, v FRANCIS H. GROSSI et al., Appellants. [642 NYS2d 403] —Casey, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered May 4, 1995 in Albany County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action to recover damages from the

two defendants, jointly and severally, based upon allegations that defendants converted the proceeds of the auction sales of three cars and a boat, which plaintiff had previously repossessed in connection with the enforcement of its security interests. After issue was joined, the parties stipulated to the facts and cross-moved for judgment pursuant to CPLR 4401. Based upon the stipulated facts, Supreme Court concluded that defendants had converted the proceeds of the auction sales and granted judgment to plaintiff.

On this appeal, defendants argue that the two corporations which contracted with plaintiff in connection with the auction sales are necessary parties and that only the corporations can be held liable for what is essentially a breach of the contracts between plaintiff and the corporations. We find no merit in defendants' arguments and conclude that the judgment should be affirmed.

The stipulated facts establish that in September 1991 plaintiff entered into an oral agreement with Quintro Corporation and another corporation for the storage and sale of vehicles and boats repossessed by plaintiff. Pursuant to the agreement, Quintro was required to deposit the proceeds of each sale into its checking account at Apple Bank. Quintro would then send a check for the sale proceeds to plaintiff within 7 to 10 days after the sale or after completion of the paper work. Pursuant to the agreement, more than 100 vehicles were sold during the ensuing year and Quintro transmitted its checks for the sales proceeds to plaintiff without incident.

As a result of business transactions unrelated to plaintiff, Quintro encountered financial trouble in August 1992 when checks payable to it, which Quintro had deposited in its Apple Bank checking account, were returned for insufficient funds. As Quintro had already written its own checks against the deposit, the returned checks created a deficiency in Quintro's checking account. Defendants, who were officers of Quintro and shared the day-to-day responsibilities of running the corporation, were both aware of the returned checks and resulting deficiency in Quintro's checking account.

In September and October 1992, Quintro sold three vehicles and a boat that had been repossessed by plaintiff. The proceeds of the sales were deposited into Quintro's Apple Bank checking account. As a result of the deficiency in the account, the proceeds of the sales were used to pay customers or creditors of Quintro other than plaintiff. Quintro did not transmit the proceeds of the sales to plaintiff, despite plaintiff's demand therefor.

Defendants' appeal is premised upon their claim that as officers and shareholders of Quintro, they are not liable for the corporation's failure to meet its contractual obligations to plaintiff. It is the general rule that corporate officers cannot be held personally liable on the contracts of their corporations if they do not purport to bind themselves individually under the contracts (*see, Ridgeline Constructors v Elmira Glass Technology Corp.*, 183 AD2d 1041, 1044; *Westminster Constr. Corp. v Sherman*, 160 AD2d 867, 868). Personal liability will be imposed, however, upon corporate officers who commit or participate in the commission of a tort, even if the commission or participation is for the corporation's benefit (*see, Modulars By Design v DBJ Dev. Corp.*, 174 AD2d 885, 887; *Van Wormer v McCasland Truck Ctr.*, 163 AD2d 632, 635). Conversion is a tort which can occur without wrongful intent (*see, Spodek v Liberty Mut. Ins. Co.*, 155 AD2d 439, 441), but an action for conversion cannot be predicated on a mere breach of contract (*see, Yeterian v Heather Mills N. V.*, 183 AD2d 493, 494). Based upon the foregoing principles, we conclude that the dispositive issue on this appeal is whether the stipulated facts satisfy the elements of a conversion cause of action. If so, defendants are personally liable, for the stipulated facts clearly demonstrate that defendants, who were responsible for Quintro's day-to-day activities and were involved in the relevant transactions with knowledge of Quintro's financial problems, committed or participated in the commission of the tort (*see, American Feeds & Livestock Co. v Kalfco, Inc.*, 149 AD2d 836, *lv denied* 74 NY2d 608). If the stipulated facts establish the elements of a conversion cause of action, neither Quintro nor the other corporation is a necessary party, for plaintiff can obtain complete relief from defendants for their tortious conduct.

"The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner * * *. Where the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (*Republic of Haiti v Duvalier*, 211 AD2d 379, 384 [citations omitted]). There can be little doubt that plaintiff, who was the owner of the personal property sold at auction, was also the owner of the proceeds of the sales. It is also clear that the proceeds of the sales were sufficiently identifiable for the purposes of an action for conversion (*see, Payne v White*, 101 AD2d 975, 976). The stipulated facts establish that although Quintro had the right to possess the proceeds of the sales, it was required to treat the proceeds in a particu-

lar manner, which included transmittal to plaintiff within a prescribed period of time. Quintro's failure to do so constituted a breach of contract, as argued by defendants. In addition, however, the stipulated facts clearly establish defendants' exercise of dominion over the property in violation of plaintiff's rights. Despite the requirement that the proceeds of the sales be treated in a particular manner, which included transmittal of the proceeds to plaintiff within a specified period of time, defendants exercised dominion and control over the proceeds in such a manner that the proceeds were used to pay customers or creditors of Quintro other than plaintiff. Such evidence is sufficient to establish a cause of action for conversion separate and apart from any breach of contract (see, Meese v Miller, 79 AD2d 237, 243-244).

Mikoll, J. P., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.