■ W. Joseph McPhillips, Inc., Plaintiff, v Frank P. Ellis et al., Doing Business as The Balsam House, Respondents. Neil McPhillips et al., Appellants. [717 NYS2d 743] —Rose, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 21, 1999 in Warren County, which, *inter alia,* denied a motion by Neil McPhillips and Paul R. McPhillips for summary judgment dismissing a claim brought against them by defendant Frank P. Ellis.

In 1995 plaintiff, an insurance agency, commenced this action against defendants to recover unpaid premiums on insurance policies issued through plaintiff by Continental Insurance Corporation to defendant Frank P. Ellis in 1994. At that time, Ellis and defendant Josef Roettig were doing business as The Balsam House in the Town of Chester, Warren County. A gas explosion and fire that destroyed much of defendants' business premises in July 1994 resulted in a claim for the loss against Continental, which subsequently made partial payments in

excess of $500,000. Following an initial damage estimate of $373,000, a second contractor calculated the cost to repair defendants' building and fixtures at $3,289,554. Continental responded to this estimate by requesting extensive documentation concerning defendants' claims. On September 25, 1995, before this documentation was produced, Roettig informed Continental that defendants wished to "drop the pending claim and appraisal procedures * * * [and] put aside [their] efforts to obtain full payment under the policies for [their] damages." Roettig indicated that instead, due to limited financial resources, they would pursue litigation against the gas company allegedly responsible for the explosion.

In response to the action, Ellis answered and asserted three counterclaims against plaintiff and its officers and principal shareholders, Neil McPhillips and Paul R. McPhillips (hereinafter collectively referred to as the officers). After replying to the counterclaims, the officers moved for leave to amend their reply to add the affirmative defense of waiver and for summary judgment dismissing the counterclaims. Supreme Court granted the officers leave to amend their reply, but denied the motion for dismissal. The officers appeal.

In denying dismissal of the counterclaims against the officers personally, Supreme Court found that they were properly asserted pursuant to CPLR 3019, and that there were issues of fact as to whether the officers had participated in plaintiff's alleged breach of contract and negligence. Supreme Court correctly concluded that the counterclaims were not procedurally defective because counterclaims may be asserted against any "other persons alleged to be liable" to a defendant (CPLR 3019 [a]), even if such claims do not arise out of the transaction or occurrence from which the plaintiff's claim arises (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:1, at 205). Supreme Court failed to consider, however, the well-settled principle that a corporate officer is not normally liable in his or her personal capacity on contracts executed on behalf of the corporation unless the officer expresses some intention to be personally bound, for the officer is in effect an agent of the corporate principal (*see, Key Bank v Grossi*, 227 AD2d 841, 843; *Walz v Todd & Honeywell*, 195 AD2d 455; *Westminster Constr. Co. v Sherman*, 160 AD2d 867; 3 White, New York Corporations ¶ 715.09 [13th ed]).

Here, Ellis alleges that the officers breached a promise to require the payment of premiums only when The Balsam House was operational and producing income. However, there is no evidence that the officers intended to personally bind

themselves to such a promise, assuming that it constituted an enforceable contract (*see*, General Obligations Law § 5-701). Thus, Supreme Court should have granted summary judgment to the officers dismissing any claims sounding in contract.

Ellis' cause of action in tort alleges that the officers failed to procure sufficient insurance coverage, and that he reasonably relied to his detriment on the officers' representations that they were experts in insurance coverage for the kind of property he owned and that the existing coverage was adequate. The officers contend that this claim also should have been dismissed because they cannot be held personally liable. "Personal liability will be imposed, however, upon corporate officers who commit or participate in the commission of a tort, even if the commission or participation is for the corporation's benefit" (*Key Bank v Grossi, supra*, at 843). Ellis alleges that it was the officers who failed to obtain adequate insurance coverage and the officers' denial merely serves to raise an issue of fact as to their participation. In these circumstances, personal liability could be imposed if the officers were found to have acted negligently.

The officers contend further that an essential element is absent from Ellis' tort claim because damages for a broker's failure to obtain adequate insurance are limited to the amount recoverable from the insurer if greater coverage had been in place. Since Ellis waived his claim to further insurance proceeds from Continental, the officers maintain that no damages can be recovered from them because no additional amount could be recovered from the insurer even if coverage had been greater.

While this Court has recognized that a broker's liability for failing to procure insurance is limited to that which would have been borne by the insurer had coverage been obtained (*see, Kinns v Schulz*, 131 AD2d 957, 959; *see also, Gorgone v Regency Agency*, 238 AD2d 265, 266), we decline to draw the further inference that the broker thereby has the same defenses as the insurer in resisting a claim for damages. As authority for this inference, the officers cite *Andriaccio v Borg & Borg* (198 AD2d 253), a case where the insured's failure to exhaust the existing coverage relieved the broker of liability for failing to procure supplementary uninsured motorist coverage because Insurance Law § 3420 (f) (2) made such exhaustion a condition precedent to the insurer's obligation to pay. There is no comparable statute applicable here. Although Ellis' waiver of further claims against Continental may constitute a failure to mitigate damages, it does not preclude his counterclaim. Accordingly,

Supreme Court did not err in denying the officers' motion to dismiss the tort counterclaim asserted against them.

Finally, we note that, as stated in the notice of motion filed with Supreme Court, only the officers moved for summary judgment. They cannot now argue that Supreme Court should have granted plaintiff summary judgment for unpaid premiums as the merits of the underlying cause of action asserted by plaintiff were neither presented to nor considered by Supreme Court.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of Neil McPhillips and Paul R. McPhillips for summary judgment dismissing the claim to the extent that it sounded in contract; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.