■ DIANE DUNCAN, Respondent, v JASON MINICK et al., Defendants, and VINCE BARR et al., Appellants. [737 NYS2d 440] —Rose, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered December 1, 2000 in Albany County, which, inter alia, denied a motion by defendants Vince Barr and Comprehensive Building Contractors, Inc. for summary judgment dismissing the complaint against them.

Defendants Jason Minick and Judith Sternleicht (hereinafter collectively referred to as the owners) contracted with defendant Comprehensive Building Contractors, Inc. (hereinafter the contractor) for construction of a two-family residence. Plaintiff then agreed to purchase one half of the planned residence and approved the final construction specifications. After completion, the residence's foundation developed cracks that allowed water to seep into the basement. When the contractor's remedial efforts proved unsuccessful, plaintiff commenced this action against the owners, the contractor, and defendant Vince Barr, the contractor's president, alleging a breach of the housing merchant warranty set forth in General Business Law § 777-a (1) (a) and (c). Following joinder of issue, Barr and the contractor (hereinafter collectively referred to as defendants) moved for summary judgment on the ground that factors other than deficient construction by the contractor caused the problems with plaintiff's foundation. Defendants also asserted that the action could not be maintained personally against Barr because he was acting solely as the contractor's president. Finding material issues of fact, Supreme Court denied the motion. Defendants appeal.

In his affidavit, Barr attributes the problems with plaintiff's foundation to defects in the architect's design and plaintiff's removal of a drainage swale. He does not, however, assert that the contractor fully complied with the architect's plans or deny that some of the construction was defectively performed. Most significantly, Barr does not dispute plaintiff's specific allegation that the drainage pipes were not placed at the foot of the

foundation as required by the architect's plans. While the contractor's own expert asserts that there is no evidence of improper placement of the drainage pipes, he offers no evidence of where they are actually located and he concedes that the contractor is responsible for some of plaintiff's problems. As a result, defendants' submissions are insufficient to meet their initial burden of showing that the foundation's cracking and seepage problems were not caused to some degree by the contractor's own deficient performance (*see*, *Ayotte v Gervasio*, 81 NY2d 1062, 1063; *Tufano v Morris*, 286 AD2d 531, 532-533). They also confirmed, as Supreme Court found, that there is an unresolved issue of fact as to placement of the drainage pipes. Since the burden of proof did not shift to plaintiff, Supreme Court correctly denied summary judgment to the contractor.

As to whether Barr was acting in his individual or corporate capacity, however, there is no dispute here that the construction contract was between the owners and the corporate contractor. In his affidavit, Barr averred that he was acting solely in his capacity as the contractor's president in his dealings with plaintiff, and plaintiff offers no evidence to the contrary. The only document signed by Barr without indicating his corporate capacity is a brief addendum to the construction specifications, and the specifications themselves were signed by Barr under the corporate name. Thus, there is no genuine factual dispute as to Barr's personal liability (*see*, *W. Joseph McPhillips, Inc. v Ellis*, 278 AD2d 682, 683; *Key Bank of N.Y. v Grossi*, 227 AD2d 841, 843).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Vince Barr's motion for summary judgment; said motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.