■ 44TH-47TH REALTY ASSOCIATES, LLC, Respondent, v JOSE FUENTES, Appellant. [772 NYS2d 817]—

Appeal from order, Supreme Court, New York County (Andrew Siracuse, J.), entered February 10, 2003, which denied defendant's motion for a directed verdict and instead directed a verdict in plaintiff's favor, deemed an appeal from the ensuing

judgment of the same court and Justice, entered February 25, 2003, in plaintiff's favor and against defendant, and, so considered, said judgment is unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 31, 2003, which denied defendant's posttrial motion to set aside the verdict in plaintiff's favor and direct a verdict in defendant's favor, unanimously affirmed, without costs.

The record does not support defendant's claims that the court denied defendant an opportunity to cross-examine plaintiff's witness or to put on a defense; defendant never sought to do either. When the trial court offered defense counsel an opportunity to cross-examine the witness, counsel instead argued for dismissal of the complaint. After engaging in a dialogue with counsel on that issue, the court directed that judgment be entered in plaintiff's favor. At that point, rather than pursuing his right to cross-examine the witness or put on a defense, counsel proceeded directly to the question of attorneys' fees. At the very least, defendant's contentions are unpreserved, and we decline to reach them. The court correctly concluded that defendant had signed the subject lease in his individual capacity, in addition to someone else's signature on behalf of the corporate entity. If defendant had not meant to be bound personally by the lease, his separate signature would have been superfluous and without meaning. Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.