**ROCKFORD FUNDING CORPORATION,** Defendant–Cross–Defendant–Counter–Claimant–Cross–Claimant–Appellant,

v.

**DOLGENCORP, INC.,** Defendant–Third-Party-Plaintiff-Counter-Defendant-Appellee.

No. 04–6721–CV.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Stewart E. Rothman, Seligson, Rothman & Rothman, (Martin S. Rothman, on the brief) New York, N.Y., for Appellant.

Christine M. Fecko, McGuireWoods LLP, New York, N.Y., for Appellee.

PRESENT: OAKES, STRAUB, and RAGGI Circuit Judges.

## SUMMARY ORDER

Defendant–Cross–Defendant –Counter–Claimant–Cross–Claimant–Appellant Rockford Funding Corporation ("Rockford") appeals from a judgment of the District Court for the Southern District of New York (Shirley Wohl Kram, *Judge* ), entered on December 3, 2004, granting the Motion for Summary Judgment of Defendan t-Third-Party-Plaintiff-Counter-Defendant-Appellee Dolgencorp, Inc. ("Dolgencorp") on Rockford's cross-claims. The District Court concluded that no rational trier of fact could conclude that Dolgencorp and Rockford had entered into a contract for the delivery of approximately $1,275,000 worth of denim jeans and awarded summary judgment to Dolgencorp. Additionally, the District Court denied Rockford's motion for leave to amend its complaint to assert a cross-claim for conversion against Dolgencorp and Prime Sportswear Corp. ("Prime"), the manufacturer of the denim jeans. For the reasons set forth below, we AFFIRM the judgment of the District Court.

## I.

On March 6, 1995, Dolgencorp, a retail sales company, placed an order for denim jeans ("March Purchase Order") with Pacific Bay Apparel Co, Inc. ("Pacific Bay"), a sales agency that represented Prime. To fill the March Purchase Order, Prime turned to its confirming agent Rockford for financing. Rockford, however, declined to finance the transaction without a letter of credit from Dolgencorp because Prime had reached its credit limit of $500,000 with Rockford. Dolgencorp, the purchaser of the jeans, submitted an application to its bank, Bank of America, for a letter of credit in the amount of $1,275,000. On March 15, 1995, Bank of America issued a letter of credit naming Dolgencorp as the applicant, "Rock Ford Funding Bank" as the beneficiary, and Merchants Bank of New York as the advising bank.

Rockford attempted to draw on the letter of credit six times. The first four draws were paid. The final two draws, occurring on July 6, 1995 and August 14, 1995, were not paid because the documentation submitted to Bank of America was incomplete. Dolgencorp refused to waive the discrepancies between the documents required under the letter of credit and those submitted by Rockford.

In June 1995, Pacific Bay told Dolgencorp that the goods were delayed and that Prime would not ship any further product under the March Purchase Order. On June 26, 1995, Dolgencorp issued a new purchase order for the same type of denim jeans previously ordered ("June Purchase Order"). Subsequent to Dolgencorp's issuance of the June Purchase Order, it received $518,286.50 worth of denim jeans. Both Rockford and Midlantic Commercial Co. ("Midlantic"), a factor that claimed a security interest in Prime's accounts re-

ceivable, demanded payment for the goods from Dolgencorp.

On December 1, 1995, Midlantic commenced the present action against Dolgencorp, Rockford, Prime, and others seeking, *inter alia,* a declaration that Midlantic was entitled to all payments for the goods delivered and claiming that Rockford had converted the payments from Dolgencorp. Midlantic claimed to be entitled to the payments as the assignee of Prime's accounts receivable. Rockford claimed that it was entitled to the funds as the seller of the goods and, in the alternative, that Dolgencorp had breached an independent obligation it owed to Rockford by issuing the June Purchase Order, which prevented Rockford from drawing on the letter of credit. Dolgencorp tendered the $518,286.50 into the District Court's registry.

After the close of discovery, Dolgencorp moved for summary judgment on Rockford's cross-claim for breach of contract. Rockford cross-moved for leave to amend its answer to assert a conversion claim against Dolgencorp and Prime. Midlantic also moved for partial summary judgment on its declaratory judgment and conversion claims against Rockford. In a memorandum opinion dated August 25, 1999, the District Court granted Midlantic's and Dolgencorp's motions and denied Rockford's motion to amend. It held that the letter of credit did not form a contractual relationship between Dolgencorp and Rockford. The District Court denied Rockford's motion to amend because it presented new legal theories that would require the reopening of discovery. The delay caused by the assertion of the new claim would prejudice the other parties as discovery had been closed for approximately two years and the case was ready for trial.

## II.

Rockford contends that the District Court erred in denying its motion for summary judgment because there were genuine issues of material fact concerning the existence of a contract between Dolgencorp and Rockford for the sale of the denim jeans. Rockford is incorrect.

■ As an initial matter, Rockford cannot contend on appeal that it was the seller of the denim jeans. Rockford has not appealed the District Court's ruling on Midlantic's motion for summary judgment. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R.App. P. 3(c)(1)(B). Although a notice of appeal from a final judgment brings up for review all reviewable rulings "which produced the judgment," *SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 178 (2d Cir.2000), where a party explicitly designates a portion of the judgment for appellate review, we have no jurisdiction to review the resolution of other antecedent rulings or other portion of the judgment, *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 256 (2d Cir.1995) (holding that where a notice of appeal refers exclusively to a specific order or to a discrete portion of a judgment, we will not infer an intent to appeal an unmentioned order or portion of the judgment).

Rockford appealed only the portion of the District Court's judgment that "granted the Motion of Defendant Dolgencorp, Inc., for summary judgment dismissing the cross-claims of defendant Rockford Funding Corp. against Dolgencorp, Inc., and which denied the motion of defendant Rockford Funding Corp. to amend its answer to assert additional cross-claims as against Dolgencorp." In ruling on Midlantic's motion, the District Court held that Prime was the seller of the denim jeans and that Midlantic, as Prime's factor and

holder of the senior security interest in Prime's accounts receivable, was entitled to payment. Even though we construe notices of appeal liberally, taking the appellant's intentions into account, *see Shrader,* 70 F.3d at 256, the explicit language of the notice of appeal and the lack of any mention of Midlantic show that Rockford only intended to appeal the rulings of District Court with respect to Dolgencorp.

Nor does the last sentence of the Notice of Appeal, "[t]his appeal is from each and every part of the aforesaid Judgment by which defendant Rockford ... is aggrieved as well as from the whole thereof," fairly present to the court the issue of whether the District Court erred in concluding that Prime was the seller of the denim jeans. Midlantic is not a party to this appeal and would be prejudiced by a holding that Rockford was the seller of the denim jeans. Rockford may not undermine the central legal conclusion upon which the District Court's award of judgment to Midlantic rests without allowing Midlantic an opportunity to be heard. We also note in passing that Rockford's contention that it was the seller of the goods is meritless; Prime was the seller of the denim jeans and Rockford its confirming agent.

### III.

Rockford contends that Dolgencorp's issuance of a new purchase order constituted a breach by Dolgencorp of Rockford's contractual relationship with Dolgencorp. Rockford claims that Dolgencorp had an "independent obligation" to pay Rockford the purchase price of the denim jeans. A viable claim for breach of contract under New York law[1] requires "(1) the existence of an agreement, (2) adequate performance

of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 177 (2d Cir.2004). The District Court correctly held that Rockford failed to show that there was a genuine issue as to any material fact concerning the existence of a contractual relationship existed between itself and Dolgencorp.

■ The only connection between Rockford and Dolgencorp was the letter of credit. A letter of credit is said to create three separate and independent relationships:

> (1) an underlying commercial transaction between a buyer and a seller, (2) an agreement between a bank and its customer (the buyer), pursuant to which the bank agrees to issue a letter of credit supporting the buyer's obligations to the credit's beneficiary (the seller), and (3) the bank's resulting engagement to honor drafts or other demands for payment by the beneficiary, on the condition that the demand is accompanied by certain documents presented to the bank in conformity with the terms of the letter of credit.

*3Com Corp. v. Banco do Brasil, S.A.,* 171 F.3d 739, 741 (2d Cir.1999). All three of these relationships existed in this case. Dolgencorp had a contract with Prime to purchase the denim jeans. Bank of America agreed with Dolgencorp to issue a letter of credit for the benefit of Rockford. Rockford, as the letter of credit's beneficiary, had a relationship with Bank of America, whereby the bank agreed to pay Rockford pursuant to the terms of the letter of credit. The letter of credit did

---

1. Neither of the parties challenges the District Court's choice of New York law. Therefore, we will assume that New York law applies.

not create a contract between Rockford and Dolgencorp.

Rockford's contract with Bank of America was separate and distinct from the commercial contract between Prime and Dolgencorp. *See Marino Indus. Corp. v. Chase Manhattan Bank, N.A.,* 686 F.2d 112, 115 (2d Cir.1982). Rockford did not receive payment under the letter of credit because it did not provide the documentation required by the letter of credit. Payment to the beneficiary under the letter of credit is not tied to performance of the underlying contract. *Id.* Indeed, "the credit engagement is concerned only with documents," *Alaska Textile Co. v. Chase Manhattan Bank, N.A.,* 982 F.2d 813, 816 (2d Cir.1992), and the bank only looks to the terms of the letter of credit and the documentation the beneficiary presents. *Id.* Rockford's only contractual relationship vis-a-vis the letter of credit was with Bank of America. Accordingly, the District Court did not err in awarding summary judgment to Dolgencorp.

### IV.

■ Rockford also contends that the District Court exceeded its allowable discretion by denying its motion to amend its cross-claim to include a conversion claim against Dolgencorp and Prime. This argument is without merit. The District Court reasonably concluded that Rockford's proposed amendment presented new legal theories that would have required the re-opening of discovery, which had been closed for approximately two years. *See Ansam Assocs. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of motion for leave to amend where discovery had already been completed and non-movant had already filed a motion for summary judgment). Moreover, Rockford's conversion claim was premised on a fact—its ownership of the denim jeans or the proceeds from the sale—that both the District Court and now we have rejected. *See Key Bank of New York v. Grossi,* 227 A.D.2d 841, 843, 642 N.Y.S.2d 403 (3d Dep't 1996) ("The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner.") (internal quotations omitted). Therefore, the District Court did not exceed its allowable discretion by denying Rockford's motion.

### V.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.