Shephard v Friedlander (2021 NY Slip Op 03641)





Shephard v Friedlander


2021 NY Slip Op 03641


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530935
[*1]Steven P. Shephard, Respondent,
v
David Ryan Friedlander et al., Appellants.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Schwartz Sladkus Reich Greenburg Atlas LLP, New York City (Milad Boddoohi of counsel), for appellants.
Rusk Wadlin Heppner & Martuscello, LLP, Kingston (Nikolas S. Tamburello of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered December 20, 2019 in Ulster County, which denied defendants' motion for dismissal of the complaint.
Plaintiff and defendant David Ryan Friedlander, who is president of defendant Casa Builders, Inc., signed a contract regarding certain remodeling work to be performed on plaintiff's home. Based on delays and allegedly substandard work, plaintiff commenced this action against defendants alleging breach of contract. After answering, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).[FN1] Supreme Court denied the motion. Defendants appeal, focusing solely on the argument that the court should have dismissed the complaint as against Friedlander.
"When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide [the] plaintiff the benefit of every possible favorable inference" (People v Coventry First LLC, 13 NY3d 108, 115 [2009] [internal quotation marks, ellipsis and citation omitted]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]). On such a motion, the court must determine "whether, from the pleading's four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Doller v Prescott, 167 AD3d 1298, 1299 [2018] [internal quotation marks, brackets and citation omitted]). Liberally construed, the complaint here alleges all the elements of a cause of action for breach of contract: that "[p]laintiff and [d]efendants entered into a written contract prepared by [d]efendants," plaintiff performed his obligations under the contract, defendants breached the contract and plaintiff suffered damages (see Prendergast v Swiencicky, 183 AD3d 945, 946 [2020], lv denied 36 NY3d 944 [2020]; Galusha & Sons, LLC v Champlain Stone, Ltd., 130 AD3d 1348, 1349 [2015]). Despite Friedlander's affidavit averring that Casa Builders was the only party that entered into the contract with plaintiff and that Friedlander was not a party thereto, the complaint, on its face, adequately alleges that he was. Accepting the allegations in the complaint as true, the complaint states a cause of action against Friedlander. Thus, Supreme Court properly denied the CPLR 3211 (a) (7) aspect of defendants' motion.
A court may grant a motion seeking dismissal pursuant to CPLR 3211 (a) (1) "only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Meyer v Zucker, 160 AD3d 1243, 1245 [2018] [internal quotations marks, brackets and citations omitted], lv denied 32 NY3d 905 [2018]; accord Lilley v Greene Cent. Sch. Dist., 168 AD3d 1180, 1181 [2019]; see Zeppieri v Vinson, 190 AD3d 1173, 1175 [2021]). To constitute such conclusive documentary evidence, "the evidence must be unambiguous[*2]" (Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1486 [2019] [internal quotation marks and citations omitted]; accord New York Mun. Power Agency v Town of Massena, 188 AD3d 1517, 1518 [2020]). Defendants contend that the contract constitutes documentary evidence proving that Friedlander is not personally liable. In that regard, "a corporate officer is not normally liable in his or her personal capacity on contracts executed on behalf of the corporation unless the officer expresses some intention to be personally bound, for the officer is in effect an agent of the corporate principal" (W. Joseph McPhillips, Inc. v Ellis, 278 AD2d 682, 683 [2000]; see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]; Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022 [2011]; Duncan v Minick, 291 AD2d 700, 701 [2002]).
The contract begins by immediately discussing the details of the remodeling project, including obligations of "Contractor" and "Owner," with no definitions provided for those terms and no introduction of the parties involved. On the last page, after discussion of payment terms and the start date, a handwritten notation includes an illegible word, followed by "#2694 3/21/18," along with Friedlander's signature. No explanation for this notation is given in the contract.[FN2] The contract then has lines for "Owner initials" (which is blank) and "Contractor initials" (which was initialed by Friedlander). Following the word "Continued" and three more provisions is a signature line, signed by Friedlander, above a signature block containing three typed lines; the first says "(Contractor)," the second "David Ryan Friedlander" and the third "Casa Builders Inc/ dba Friedlander Construction." Another signature line, signed by plaintiff, is followed by "(Owner)" and plaintiff's typed name and address.
We agree with Supreme Court that the contract, drafted by defendants, is ambiguous as to Friedlander's status. Friedlander's signature is contained above the term "Contractor" — which is not defined — below which are typed his individual name and the business entity, making it unclear which is supposed to be the party referred to as "Contractor" and thus subject to obligations in the contract (see First Capital Asset Mgt. v North Am. Consortium, 286 AD2d 263, 264 [2001]; compare 44th-47th Realty Assoc. v Fuentes, 5 AD3d 207, 208 [2004], lv denied 2 NY3d 708 [2004]). The portion of the signature block containing Friedlander's name does not refer to him as president of the corporation or include any other indication that he signed solely as an agent, such as "on behalf of," "as agent of," or even "for" or "by" (compare Salzman Sign Co. v Beck, 10 NY2d 63, 65 [1961]; Maranga v McDonald & T. Corp., 8 AD3d 351, 352 [2004]). At this stage, our role is not to interpret the contract, but to determine whether defendants met their burden of proffering documentary evidence conclusively refuting plaintiff's allegations that Friedlander is personally liable [*3]under the contract. They did not. Accordingly, Supreme Court properly denied the motion.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: As defendants' motion was made after they had filed their answer, it is more properly characterized as a motion for summary judgment based on CPLR 3211 (a) grounds asserted in their answer (see Johnson v Collyer, 191 AD3d 1192, 1193 n [2021]).

Footnote 2: Defendants now assert that this represented an acknowledgment of receipt of a check from plaintiff for the down payment required upon signing the contract.