Boland's Excavating & Topsoil, Inc. v Bradford Cent. Sch. Dist. (2024 NY Slip Op 04886)

Boland's Excavating & Topsoil, Inc. v Bradford Cent. Sch. Dist.

2024 NY Slip Op 04886

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

672 CA 23-01125

[*1]BOLAND'S EXCAVATING AND TOPSOIL, INC., PLAINTIFF,
v
BRADFORD CENTRAL SCHOOL DISTRICT, DEFENDANT.
BRADFORD CENTRAL SCHOOL DISTRICT, THIRD-PARTY PLAINTIFF-APPELLANT,
v
SCHULER-HAAS ELECTRIC CORP., THIRD-PARTY DEFENDANT-RESPONDENT. 

FERRARA FIORENZA PC, EAST SYRACUSE (RYAN L. MCCARTHY OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-APPELLANT.
ERNSTROM & DRESTE, LLP, ROCHESTER (BRIAN M. STREICHER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered May 30, 2023. The order granted the motion of third-party defendant to dismiss the third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action in the third-party complaint, and as modified the order is affirmed without costs.
Memorandum: In this action sounding in, among other things, breach of contract, defendant-third-party plaintiff, Bradford Central School District (District), appeals from an order that granted the pre-answer motion of third-party defendant, Schuler-Haas Electric Corp. (Schuler), to dismiss the third-party complaint.
In 2019, the District began a large capital improvement project, which included, among other things, improvements to the school grounds and athletic fields. To that end, the District entered into a contract with Schuler whereby Schuler agreed to provide electrical work for, as relevant here, an outdoor concession stand and scoreboard near the District's athletic fields. The District also entered into a contract with plaintiff, Boland's Excavating and Topsoil, Inc. (Boland), whereby Boland agreed to improve the athletic fields by installing new sod. Boland then executed a subcontract with Schuler whereby Schuler agreed to perform part of the work on Boland's project at the school.
In early July 2019, Boland installed sod on the athletic fields, using an automatic watering system that received power from an electric system installed by Schuler. It is not disputed that the automatic watering system failed and that the field was not watered for a lengthy period of time. The sod could not be salvaged, and Boland replaced it with new sod. Boland requested payment for the additional labor and materials required to replace the sod, the District refused, and Boland commenced this action against the District. The District answered and thereafter commenced a third-party action against Schuler, asserting causes of action for breach of contract and indemnification.
Schuler made a pre-answer motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1) and (7), arguing that its work on the athletic field and irrigation system was wholly pursuant to its subcontract with Boland and that it lacked privity of contract with the District with respect to that work. Supreme Court granted the motion, and the District now appeals.
At the outset, we note that, as limited by its brief, the District does not appeal from that portion of the order dismissing its cause of action sounding in indemnification. We agree with the District, however, that the court erred in dismissing the cause of action for breach of contract.
When reviewing a CPLR 3211 motion to dismiss, we must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon, 84 NY2d at 88 [emphasis added]; see Town of Mexico v County of Oswego, 175 AD3d 876, 877 [4th Dept 2019]). Here, "our role is not to interpret the contract, but to determine whether [Schuler] met its burden of proffering documentary evidence conclusively refuting [the District's] allegations" (Shephard v Friedlander, 195 AD3d 1191, 1194 [3d Dept 2021]).
The District alleges that the watering system derived "electrical power from electrical equipment . . . provided and installed by [Schuler] pursuant to its contract on the Project with the District" (emphasis added), that Schuler "performed the actual connection of the pumps and sprinklers to the electric system installed by [Schuler]," and that "the electric system providing power to the sprinklers failed," resulting in damages. The documentary evidence submitted by Schuler—including its contract with the District, its subcontract with Boland, and email correspondences between Schuler, Boland, and the District's construction manager—failed to conclusively establish a defense to the claims of breach of contract asserted in the third-party complaint as a matter of law (see Leon, 84 NY2d at 88). We therefore modify the order by denying the motion in part and reinstating the cause of action for breach of contract in the third-party complaint.
The District's remaining contentions are unpreserved or, in light of the foregoing, are academic.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court