Town of Petersburgh v 3M Co. (2026 NY Slip Op 50392(U))

[*1]

Town of Petersburgh v 3M Co.

2026 NY Slip Op 50392(U)

Decided on March 25, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2026
Supreme Court, Rensselaer County

Town of Petersburgh, Plaintiff,

against3M Company, f/k/a MINNESOTA MINING AND MANUFACTURING, CO.; AGC CHEMICALS AMERICAS, INC.; DAIKIN AMERICA, INC.; E.I. DUPONT DE NEMOURS AND COMPANY, INC.; SOLVAY SOLEXIS, INC.; SHAMROCK TECHNOLOGIES, INC.; and DOE, DEFENDANTS 1-20, Defendants.
AGC CHEMICALS AMERICAS, INC.; and SHAMROCK TECHNOLOGIES, INC., Third-Party Plaintiffs,
againstTONOGA, INC., d/b/a TACONIC, Third-Party Defendant.

Index No. EF2022-272251

Cullen Dykman LLPChristopher E. Buckey, Esq., of counselAnn K. Phillips, Esq., of counselFor Third-Party Defendant Tonoga, Inc. d/b/a Taconic 
Crowell & Moring LLPPeter C. Condron, Esq., of counsel
Andrew D. Kaplan, Esq., of counselFor Defendant and Third-Party Plaintiff AGC Chemicals Americas, Inc.Goldberg Segalla LLPJoshua L. Milrad, Esq., of counselOlivia Jobe, Esq., of counselFor Defendant and Third-Party Plaintiff Shamrock Technologies, Inc.

Noel Mendez, J.

In this action for environmental tort, Third-Party Defendant Tonoga, Inc. d/b/a Taconic ("Third-Party Defendant") moves for an order dismissing in its entirety the Third-Party Summons and Complaint of Third-Party Plaintiffs AGC Chemicals Americas, Inc. ("AGC") and Shamrock Technologies, Inc. ("Shamrock") (collectively, "Third-Party Plaintiffs"). Third-Party Plaintiffs oppose. For the reasons that follow, the Court denies the motion in its entirety.I. BackgroundIn August of 2022, Plaintiff Town of Petersburgh ("Town") commenced the main environmental tort action against Defendants 3M Company f/k/a Minnesota Mining and Manufacturing Company ("3M"), E.I. DuPont De Nemours & Company ("DuPont"), Solvay Solexis, Inc. ("Solvay"),[FN1]
Daikin America, Inc. ("Daikin"), AGC, Shamrock, and certain Doe Defendants (collectively, "Defendants"), alleging, inter alia, defective design, failure to warn, negligence, and trespass. At issue in the main case is the alleged foreseeable contamination of the Town's drinking and groundwater by way of Defendants' collective contribution in the manufacturing and use of certain products containing fabrics coated with polytetrafluoroethylene ("PTFE") that, in turn, contain perfluorooctanoic acid ("PFOA"). Among other allegations, the Town avers that Defendants designed, manufactured, marketed, distributed, supplied, and/or sold PTFE-coated products containing PFOA to the "sole industrial manufacturer" located in the Town with knowledge that these products would be used across the Town, resulting in the contamination of the drinking and groundwater. The Town seeks damages for, among other things, the costs associated with testing, investigating, and remediating the water supply, as well as future costs for installing and maintaining filtration systems to facilitate subsequent assessments and evaluations of PFOA contamination. After Defendants moved to dismiss the Town's Complaint, stipulations discontinuing the action with prejudice were filed as to 3M and DuPont, respectively, due to a settlement in federal district court (Matter of Aqueous Film-Forming Foams Products Liability Litigation, MDL No. 2:18-mn-2873 [D.S.C.]). The remaining Defendants continued with the motion to dismiss. This Court (Silverman, A.J.S.C.) issued a [*2]corrected Decision and Order, dated April 9, 2025, granting dismissal only as to the Town's claim for punitive damages, but otherwise denying the motion. AGC, Daikin, and Shamrock separately appealed the April 2025 Decision and Order to the Appellate Division, Third Judicial Department ("Third Department"). Daikin has since stipulated to withdraw its appeal. The other two appeals remain pending. 
In October of 2025, Third-Party Plaintiffs filed a Third-Party Summons and Complaint against Third-Party Defendant, asserting claims for contractual indemnification, common-law indemnification, and contribution. They allege that Third-Party Defendant is the owner and operator of the "sole industrial manufacturer" mentioned in the Town's Complaint, and that Third-Party Defendant had entered into a Consent Order with the New York State Department of Environmental Conservation ("DEC") in November of 2016 wherein Third-Party Defendant had accepted responsibility for treating and removing PFOA from the Town's water system (NYSCEF Doc. No. 193). This included installing a Granular Activated Carbon ("GAC") treatment system to remove PFOA from the Town's water and providing bottled water to residents free of charge. Third-Party Defendant now moves pursuant to CPLR 3211 (a) (1) and (7) for an order dismissing the Third-Party Complaint in its entirety, with prejudice. Third-Party Plaintiffs oppose the motion, asserting their claims were pleaded sufficiently to survive a motion to dismiss.
A stipulation was recently filed as to Daikin, discontinuing the main action as against them, with prejudice, and in a letter to the Court, dated February 24, 2026, Shamrock claims to have reached a "confidential resolution" with the Town and is preparing a stipulation of dismissal as to them.
II. Legal Standard on a Motion to Dismiss
A court may grant dismissal of a claim pursuant to CPLR 3211 (a) (1) "only where the documentary evidence utterly refutes the [third-party] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Shephard v Friedlander, 195 AD3d 1191, 1193 [3d Dept 2021], quoting Meyer v Zucker, 160 AD3d 1243, 1245 [3d Dept 2018], lv denied 32 NY3d 905 [2018]). Such evidence "must be unambiguous" (Shephard, 195 AD3d at 1193, quoting Koziatek v SJB Dev. Inc., 172 AD3d 1486, 1486 [3d Dept 2019]).
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the Court must liberally construe the pleading, insofar as it must accept the facts as alleged in the Third-Party Complaint as true, accord Third-Party Plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged therein fit within any cognizable legal theory of liability (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994], see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021], quoting Leon, 84 NY2d at 87-88). However, allegations consisting merely of bare legal conclusions are not entitled to such consideration (see Connaughton, 29 NY3d at 141-142, quoting Simkin v Blank, 19 NY3d 46, 52 [2012]). Dismissal under CPLR 3211 (a) (7) is warranted if Third-Party Plaintiffs fail to assert facts in support of an element of the claim or if the factual allegations and inferences to be drawn therefrom do not allow for an enforceable right of recovery (see Connaughton, 29 NY3d at 142, citing Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134 [1st Dept 2014]; see also Horowitz v Fallon, 204 AD3d 1177, 1178 [3d Dept 2022] [citing Connaughton and Himmelstein]). Nevertheless, the Court's sole criterion is whether the pleading states a cause of action (see People v Coventry [*3]First LLC, 13 NY3d 108, 115 [2009], quoting Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001]). If the facts alleged within the four corners of the pleading manifest any cause of action cognizable at law, a motion to dismiss will fail (see id.; see also Shephard, 195 AD3d at 1192 ["On such a motion, the court must determine 'whether, from the pleading's four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law'"] [citation omitted]).
III. Contractual Indemnification
Third-Party Defendant argues that Third-Party Plaintiffs fail to plead an essential element of contractual indemnification—namely the existence of any contracts with Third-Party Defendant, let alone contracts providing for indemnification. In this regard, Third-Party Defendant submitted certain sales documents in support of their motion to dismiss pursuant to CPLR 3211 (a) (1). These documents suggest they had previously placed two orders for PTFE with AGC for which they had received documents confirming the sales, but according to Third-Party Defendant, such "Sales Order Confirmations" do not contain any language concerning indemnification. Moreover, Third-Party Defendant placed approximately five orders for PTFE with Shamrock prior to 2013 (one of which Shamrock provided for review by this Court), but Third-Party Defendant is unaware of any contracts or sale confirmations containing any indemnity clauses. Third-Party Plaintiffs, on the other hand, argue they were not required to attach a copy of any contract or plead the terms contained therein in their Third-Party Complaint. AGC asserts that the two Sales Order Confirmations referenced by Third-Party Defendant do not conclusively establish a defense to their claim as a matter of law, and that there are many other documents, including sales documents and contracts, that will establish their claim should the matter proceed to discovery. In any event, Third-Party Plaintiffs argue that the documents cited by Third-Party Defendant—whether the two Sales Order Confirmations concerning AGC or the sales documents relating to Shamrock—are contracts that provide for indemnification, even if the word "indemnity" is not expressly used.
It is fundamental that, when it concerns matters of contract interpretation, "agreements are construed in accord with the parties' intent" (Dibrino v Rockefeller Ctr. N., Inc., 2025 NY Slip Op 07077, *2 [2025], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). The writing contained in the agreement is "[t]he best evidence" of this intent (id.). Where the written contract is "complete, clear[,] and unambiguous on its face, [the Court] must enforce its plain terms" (id.). Whether a contract "is ambiguous is a question of law" (Dibrino, 2025 NY Slip Op 07077, *2, citing MAK Tech. Holdings Inc. v Anyvision Interactive Tech. Ltd., 42 NY3d 570, 572 [2024]).
Whether a party is entitled to indemnification turns on the parties' intent as revealed by the plain language of the indemnification provision agreed upon (Liberty Mut. Ins. Co. v PMI Newco, LLC, 218 AD3d 1080, 1082 [3d Dept 2023], quoting County of Saratoga v Delaware Eng'g, D.P.C., 189 AD3d 1926, 1928 [3d Dept 2020]). Contractual indemnification provisions are strictly construed so as to avoid reading into the provision a duty the parties had not intended to assume (Town of Colonie v Global Contr. & Painting, Inc., 237 AD3d 1280, 1284 [3d Dept 2025], quoting Burhmaster v CRM Rental Mgt., Inc., 166 AD3d 1130, 1134 [3d Dept 2018]). However, a party is entitled to contractual indemnification in full, provided that the intention to indemnify can be clearly implied from the language and purpose of the agreement, as well as the surrounding facts and circumstances (Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987], quoting Margolin v New York Life Ins. Co., 32 NY2d 149, 153 [1973]).
The two Sales Confirmation Orders related to AGC indicate that AGC sold certain products to Third-Party Defendant. Both documents state, in relevant part, that the purchaser, Third-Party Defendant, "assumes all risk and liability resulting from use of the Products delivered hereunder, whether used singly or in combination with other products" (NYSCEF Doc. No. 198, at 3; NYSCEF Doc. No. 199, at 8). This language clearly suggests that Third-Party Defendant was meant to assume the risk that may be incurred from the use of the products described therein, but it is not clear from the language that Third-Party Defendant was meant to specifically indemnify AGC in a future action (cf. Emerson v KPH Healthcare Servs., Inc., 203 AD3d 1272, 1273 [3d Dept 2022] [snow removal contractor agreed to indemnify property owner where contractor "committed in the agreement to indemnify (the property owner) 'against any and all losses, liabilities, damages, actions, demands, claims, costs and expenses, including reasonable legal fees and expenses, arising out of or in connection with any claims for injuries or death to persons . . . arising from or claimed to arise from (the contractor) performing services under (the agreement's) terms'"]).
The invoice provided by Shamrock—which states that "[i]n no event shall either party be liable for special, indirect or consequential damages whether or not caused by or resulting from the negligence of such party" (NYSCEF Doc No. 208, at 3)—is similarly unavailing, given that nothing in that language specifically suggests indemnification of Shamrock in a future action (cf. Emerson, 203 AD3d at 1273).
Nevertheless, the purpose of a pleading "is to apprise an adverse party of the pleader's claim" (Cole v Mandell Food Stores, 93 NY2d 34, 40 [1999]), and Third-Party Plaintiffs correctly note the Third Department has previously determined that a plaintiff is "not required to attach a copy of the contract or plead its terms verbatim" (12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [3d Dept 2015], quoting Griffin Bros., Inc. v Yatto, 68 AD2d 1009, 1009 [3d Dept 1979]). In any event, the Court finds that the documentary evidence discussed above does not establish a defense as a matter of law supporting dismissal under CPLR 3211 (a) (1) (see generally Farage v Associated Ins. Mgt. Corp., 43 NY3d 152, 158 [2024], quoting Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314, 326 [2002] [a motion to dismiss under CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes (the) plaintiff's factual allegations, conclusively establishing a defense as a matter of law"]). For these reasons, the Court denies this branch of Third-Party Defendant's motion.
IV. Common-Law Indemnification
Third-Party Defendant further asserts that the claim for common-law indemnification likewise fails because Third-Party Plaintiffs are unable to demonstrate that they cannot be held responsible for the Town's underlying injuries. Given that Third-Party Plaintiffs could and might be held responsible in the main action, Third-Party Defendant argues that this claim ought to be dismissed as well. Third-Party Plaintiffs, however, argue that their denial of wrongdoing in the main action precludes dismissal of the claim for common-law indemnification, and that they may nevertheless be found liable for trespass, not as a result of any fault on their part, but due to Third-Party Defendant's negligence or intentional conduct.
"Common-law indemnification is generally available in favor of one who is held responsible solely by operation of law because of [their] relation to the actual wrongdoer" (Nusbaum v 1455 Wash. Ave., LLC, 240 AD3d 1113, 1115-1116 [3d Dept 2025], quoting Morin v Heritage Bldrs. Group, LLC, 211 AD3d 1138, 1143 [3d Dept 2022]; see also McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011]). To establish a claim for common-law [*4]indemnification, the party seeking relief must prove, not only that it was not negligent, but that the proposed indemnitor's actual negligence contributed to the harm incurred (Nusbaum, 240 AD3d at 1115-1116, quoting Morin, 211 AD3d at 1143). Common-law indemnification is conceptually related to restitution, which permits shifting the loss to another because failure to do so would result in the unjust enrichment of one party at the expense of the other (McCarthy, 17 NY3d at 375 citing McDermott v City of New York, 50 NY2d 211, 216-217 [1980]). The case law in our State "imposes indemnification obligations upon those actively at fault in bringing about the injury" (id.).
Here, Third-Party Plaintiffs deny liability in their Third-Party Complaint, and the litigation, despite having been commenced in 2022, is still in its early stages. Liberally construing the Third-Party Complaint and affording Third-Party Plaintiffs all favorable inferences due under CPLR 3211 (a) (7) and the jurisprudence of this State, the Court denies this branch of Third-Party Defendant's motion.
V. Contribution
Finally, Third-Party Defendant seeks dismissal of the claim for contribution because of their ongoing compliance with the 2016 Consent Order with DEC. In their view, the Consent Order, which Third-Party Defendant claims all parties recognize as binding, addresses any duty they may have owed to the Town in this matter. In opposition, Third-Party Plaintiffs argue they are entitled to recover under a theory of contribution, notwithstanding the Consent Order, because (a) the Town's action was allowed to proceed beyond a motion to dismiss despite the existence of the order and they are thus entitled to contribution for any additional damages that go beyond the Consent Order (a claim Third-Party Defendant opposes in their Reply Memorandum on the ground that they were not party to the action when the motion to dismiss was decided); (b) the Third Department had previously determined that Third-Party Defendant, as a named defendant in another action, was not absolved by their compliance with the Consent Order of the duty of care owed to certain individual Town residents living near the Third-Party Defendant's manufacturing facility, who sued Third-Party Defendant for the improper disposal of PFOAs in the area (see Burdick v Tonoga, Inc., 191 AD3d 1220 [3d Dept 2021]); and (c) the Town is not a party to the Consent Order and Third-Party Defendant cannot summarily assert the Town has released them from liability.
CPLR 1401 allows a party to seek contribution from another party liable for the same injury. Contribution is appropriate where the culpable parties are subject to liability for damages for the same personal injury, whether or not the culpable parties are allegedly liable for the injury under the same or different theories (Nusbaum, 240 AD3d at 1116, quoting Held v Pike Co., 140 AD3d 1664, 1665 [4th Dept 2016]).
As with the claims for common-law indemnification, the Court finds that Third-Party Plaintiffs have made a sufficient showing in their Third-Party Complaint of their claim for contribution to survive Third-Paty Defendant's motion to dismiss and so dismisses this branch of Third-Party Defendant's motion.
VI. Conclusion
Based on the foregoing, it is
ORDERED and ADJUDGED, that Third-Party Defendant's motion seeking dismissal of the Third-Party Complaint is hereby DENIED.
This shall constitute the Decision and Order of the Court, which will be uploaded to the NYSCEF system for filing and entry by the Office of the County Clerk. The signing of this Decision and Order and uploading onto NYSCEF shall not constitute filing, entry, service, or notice of entry under CPLR 2220 and section 202.5-b (h) (2) of the Uniform Rules for the New York State Trial Courts. Counsel is not relieved from the applicable provisions of those Rules with respect to filing, entry, service, and notice of entry of the original Decision and Order.
Dated: March 25, 2026Troy, New YorkHon. Noel MendezActing Justice of the Supreme CourtPapers Considered:
Parties' motion, opposition, and reply papers, with all attached exhibits.

Footnotes

Footnote 1:Defendant Syensqo Specialty Polymers USA, LLC, f/k/a Solvay Specialty Polymers USA, LLC, claim in their Answer that the company was incorrectly named "Solvay Solexis, Inc." in the Verified Summons and Complaint, but the Court shall nevertheless refer to them as "Solvay" so as to remain consistent with the caption as recorded in the case.